EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Laura E. Guerrero de León<br>    Peticionaria<br><br>       v.<br><br>Carlos J. López Nieves, Oficina del<br>Procurador del Ciudadano (Ombudsman)<br>   Recurridos | Certiorari<br><br>2001 TSPR 170<br><br>155 DPR _____ |

Número del Caso: CC-2000-746

Fecha: 10/diciembre/2001

Tribunal de Circuito de Apelaciones:
Circuito Regional I

Panel integrado por su Presidente, Juez Arbona Lago y los Jueces Urgell Cuebas y Cordero

Abogado de la Parte Peticionaria:
Lcdo. Efraín Maceira Ortiz

Abogado de la Parte Recurida:
Lcdo. José Roberto Feijoó

Materia: Separación

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE  PUERTO RICO

Laura E. Guerrero de León

    Peticionaria

         vs.                  CC-2000-746        Certiorari

Carlos J. López Nieves, Oficina
Del Procurador Del Ciudadano
(Ombudsman)

    Recurridos

SENTENCIA

San Juan, Puerto Rico, a 10 de diciembre de 2001.

**En el caso de autos el Tribunal de Circuito de Apelaciones denegó por falta de jurisdicción el auto de revisión que se había presentado allí. Basó su determinación en que la peticionaria no había incluido dos documentos en el apéndice de su recurso.**

**La peticionaria acudió ante este Tribunal para impugnar el dictamen del foro apelativo, por entender que los dos documentos en cuestión no eran de ningún modo necesarios para que el foro apelativo atendiese el recurso presentado ante él.**

**El 12 de enero de 2001 expedimos el recurso de certiorari solicitado por la peticionaria.**

Habiendo examinado el recurso referido, el Tribunal se encuentra igualmente dividido sobre los méritos del recurso. Los Jueces Asociados señores Rebollo López, Hernández Denton y Rivera Pérez votaron para denegar el recurso. El Juez Presidente señor Andréu García, la Jueza Asociada señora Naveira de Rodón y el Juez Asociado señor Fuster Berlingeri votaron para expedir. Por ende, a la luz de lo dispuesto por la Regla 4(a) del Reglamento del Tribunal Supremo, se dicta sentencia y se confirma la decisión del Tribunal de Circuito de Apelaciones.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disiente con opinión escrita, a la cual se unen el Juez Presidente señor Andréu García y la Jueza Asociada señora Naveira de Rodón. El Juez Asociado señor Corrada del Río está inhibido.


                                        Isabel Llompart Zeno
                                 Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE  PUERTO RICO


Laura E. Guerrero de León

    Peticionaria


        vs.                 CC-2000-746        Certiorari


Carlos J. López Nieves, Oficina
Del Procurador Del Ciudadano
(Ombudsman)

    Recurridos


**Opinión disidente emitida por el Juez Asociado señor FUSTER BERLINGERI, a  la cual se unen el Juez Presidente señor ANDREU GARCIA y la Jueza Asociada señora NAVEIRA DE RODON.**


San Juan, Puerto Rico, a 10 de diciembre de 2001.

**El caso de autos ilustra como una** <u>interpretación inflexible</u> **de unas normas reglamentarias dan lugar a que una parte se vea impedida de dilucidar en revisión un legítimo reclamo. De ese modo unas normas que se fijaron para facilitar la consideración de los recursos de revisión instados por las partes se convierten en obstáculos rígidos que impiden su acceso al foro apelativo.** <u>¡Aún a la altura de nuestro tiempo prevalece el estricto formalismo sobre la consideración en sus méritos de los asuntos judiciales</u>! **Veamos.**

I

**La peticionaria Laura E. Guerrero De León comenzó a trabajar en la Oficina del Procurador del Ciudadano el 15 de noviembre de 1993, en el puesto de Ayudante Legal del Procurador II. En el año 1998 el entonces Gobernador de Puerto Rico nombró a Carlos López Nieves como Procurador del Ciudadano.**

**El 25 de enero de 2000 el Procurador del Ciudadano le notificó a la peticionaria que efectivo el 4 de febrero de 2000, se eliminaba el puesto núm. 92 de la clase de Ayudante Legal del Procurador II, cargo que ella ocupaba en la Oficina del Procurador del Ciudadano. Luego de recibir la carta de separación, la peticionaria presentó un escrito de apelación administrativa para impugnar la referida determinación del Procurador del Ciudadano. En síntesis, alegó que su cesantía respondía a un patrón de discrimen y hostigamiento iniciado desde la incumbencia del nuevo Procurador.**

El Procurador contestó y solicitó la desestimación de la apelación. Arguyó en su moción de desestimación que la peticionaria era empleada de confianza, por lo que por disposición expresa de la Ley Núm. 134 de 30 de junio de 1977 estaba excluida de las disposiciones de la Ley de Personal de Servicio Público, Ley Núm. 5 de 14 de octubre de 1975. Adujo que dicho puesto era uno de libre selección y remoción, por lo cual, el Procurador estaba facultado para eliminarlo.

El 21 de marzo de 2000 el Juez Administrador de la Oficina del Procurador del Ciudadano, acogió el planteamiento del Procurador, y luego de exponer sus fundamentos, resolvió lo siguiente:

> En vista de lo anterior, tomando en consideración que se trata de un asunto de estricto derecho que la parte apelante no ha demostrado razón alguna que establezca la ilegalidad de la actuación de la parte apelada. Habiendo esta última actuado conforme a derecho, que le concede la facultad de la eliminación de un puesto que sea innecesario por razones válidas y de buena fe como presume la ley en el presente caso. Se confirma la actuación de la Oficina del Procurador del Ciudadano, eliminando el puesto número 92 de Ayudante Legal del Procurador II en el servicio de confianza.

Inconforme con dicha determinación, el 24 de abril de 2000 Guerrero acudió en revisión judicial ante el Tribunal de Circuito de Apelaciones. Días

más tarde, el 4 de mayo de 2000, el Procurador presentó su oposición a la expedición del auto.

El 16 de junio de 2000, el Tribunal de Circuito de Apelaciones denegó el auto de revisión en cuestión por falta de jurisdicción. Basó su determinación en que Guerrero había omitido incluir en el apéndice de su recurso tanto el formulario de notificación del archivo en autos de la resolución final de la agencia, como una copia de la moción de desestimación presentada por el Procurador en la apelación administrativa. Oportunamente, la peticionaria presentó una moción de reconsideración, que fue denegada el 7 de agosto de 2000.

Por no estar de acuerdo con dicha determinación, Guerrero acudió ante nos e hizo el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Circuito de Apelaciones al declarar no ha lugar la moción de reconsideración presentada por la parte apelante recurrente el 5 de julio de 2000 solicitando dejar sin efecto la resolución emitida el 16 de junio de 2000 donde el Honorable Tribunal de Circuito de Apelaciones denegó la expedición del auto de revisión judicial solicitado por la apelante recurrente Laura Guerrero de León.

El 12 de enero de 2001, en reconsideración, expedimos el recurso de certiorari solicitado por Guerrero, a los fines de revisar el dictamen referido del foro apelativo. La recurrente presentó su alegato el 28 de febrero de 2001, y la parte recurrida presentó el suyo el 12 de marzo de 2001.

II

**En este caso, el Tribunal de Circuito de Apelaciones denegó la expedición del auto de revisión porque la peticionaria omitió acompañar los siguientes documentos: (a) el formulario de notificación del archivo en autos de la resolución final de la agencia; y (b) una copia de la moción de desestimación presentada por el Procurador en el trámite de apelación administrativa ante la agencia.**

Con relación al formulario de notificación del archivo en autos de la resolución final de la agencia, resulta evidente que dicho documento **no era**

**necesario** para que el Tribunal de Circuito de Apelaciones pudiera constatar su jurisdicción. Examinemos porqué no lo era.

En este caso, de la propia resolución dictada por la agencia, que sí se acompañó con el recurso ante el foro apelativo, surge la fecha en que ésta fue emitida. De dicha resolución se puede comprobar claramente que el Tribunal de Circuito tenía autoridad legal para considerar el caso de autos. Como es sabido, la jurisdicción la determina la ley. El volante de notificación es sólo un medio que tiene el tribunal apelativo para acreditar, o sea, comprobar su jurisdicción. Sin embargo, no es el único. El volante como tal no es necesario si de la propia resolución impugnada puede comprobarse claramente la jurisdicción del foro apelativo.

La Ley Núm. 170 de 12 de agosto de 1988, según enmendada, mejor conocida como la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.) establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Circuito de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia. Dicho término es jurisdiccional.

En el presente caso, el Juez Administrativo de la Oficina del Procurador del Ciudadano emitió la resolución impugnada **el 21 de marzo de 2000**, confirmando la actuación de la agencia de cesantear a la peticionaria. Ésta, para cuestionar tal decisión, presentó ante el Tribunal de Circuito de Apelaciones una petición de revisión el **24 de abril de 2000**. Si se considera que los días 20 al 23 de abril eran días feriados[1] y que la Secretaría del Tribunal estaba cerrada, es evidente entonces que la referida solicitud de revisión fue presentada, pues, precisamente a los treinta (30) días de haberse emitido la resolución en cuestión, y por tanto, necesariamente dentro

---

[1] El 20 de abril era Jueves Santo, el 21 de abril era Viernes Santo, el 22 de abril era sábado y el 23 de abril era domingo. Todos esos días eran feriados para los tribunales, por orden del Juez Presidente señor Andréu García de 27 de marzo de 2000.

del término jurisdiccional de treinta (30) días dispuesto en la L.P.A.U. Es evidente que el foro apelativo erró al suponer que el volante de archivo en sí, que la peticionaria alega no haber recibido de la agencia administrativa, era esencial para perfeccionar el recurso. Lo que era esencial es que dicho recurso se presentara dentro del término jurisdiccional dispuesto para ello, lo que necesariamente ocurrió; y era de clara y fácil comprobación. Presentado el recurso de revisión el primer día hábil para la Secretaría del foro apelativo luego de transcurrir veintinueve (29) días de emitirse el dictamen impugnado, es obvio que se cumplió con el término jurisdiccional en cuestión.

III

En el caso de autos, la peticionaria debió acompañar con su recurso de revisión ante el foro apelativo una copia de la moción de desestimación presentada por el Procurador en el trámite de la apelación administrativa. La Regla 59 E del Reglamento del Tribunal de Circuito de Apelaciones en su inciso (1), sub-incisos (a) y (b) dispone que toda petición de revisión deberá incluir un apéndice que contenga las alegaciones de las partes ante la agencia.

Sin embargo, en este caso la referida omisión no es razón suficiente para que se deniegue la expedición del recurso, **como lo hizo el foro apelativo aquí. Nótese, en primer lugar, que en el escrito del Juez Administrador impugnado ante el foro apelativo, que sí se incluyó en el apéndice del recurso de Guerrero ante dicho foro, no sólo se refiere expresamente a la moción de desestimación en cuestión presentada por el Procurador ante ese juez, sino que, además, en dicho escrito claramente se acogen los planteamientos formulados por el Procurador en la aludida moción de desestimación. Más aun, en el dictamen emitido por el Juez Administrador se exponen ampliamente los fundamentos en que dicho juez basó su decisión de confirmar el despido efectuado por el Procurador. Están allí todas las supuestas razones que justificaban para ese Juez Administrador la acción del Procurador, incluso las alegadas por éste en su moción de desestimación. Finalmente, debe**

considerarse que seis (6) semanas antes de que el Tribunal de Circuito de Apelaciones decidiera denegar el recurso de Guerrero, ya dicho foro tenía ante sí copia de la moción de desestimación en cuestión. Ésta fue incluida como parte del escrito de oposición presentado ante el foro apelativo por el Procurador el 4 de mayo de 2000.

En vista de todas las circunstancias anteriores, es evidente que el foro apelativo tenía ante sí todo lo que necesitaba para poder adjudicar en los méritos la revisión solicitada por Guerrero. Del escrito del Juez Administrador impugnado por Guerrero surgían claramente las razones por las cuales éste decidió como lo hizo. De ese escrito surgían también las alegaciones formuladas por el Procurador ante dicho Juez Administrador en la moción de desestimación que el Procurador le presentó. Incluso el foro apelativo tenía copia de dicha moción que el propio Procurador había incluido en el apéndice de la oposición que presentó ante ese foro judicial. Si bien es cierto que fue Guerrero quien debió presentar copia de dicha moción, el hecho cierto es que el foro apelativo ya la tenía antes de emitir su decisión, y que su contenido surgía, además, del escrito del Juez Administrador que Guerrero presentó al tribunal como parte de su recurso de revisión. La referida omisión de Guerrero, pues, fue totalmente inocua.

Por las razones anteriores, insistir en denegar el recurso de revisión de Guerrero sólo porque éste no incluyó un documento que en este caso no era de ningún modo necesario, es incurrir en un formalismo excesivo y en una inflexibilidad procesal que derrota precisamente los propósitos para los cuales se creó el Tribunal de Circuito de Apelaciones. No toda omisión tiene implicaciones jurisdiccionales. Algunas son realmente inconsecuentes, como la que aquí nos concierne, y no justifican la denegación del recurso del peticionario. De otro modo, las reglas que se establecen para facilitar la consideración de los recursos, se convierten en camisas de fuerza que irrazonablemente cierran las puertas de los foros judiciales.

Por los fundamentos expuestos, este Foro debería dejar sin efecto el dictamen del Tribunal de Circuito de Apelaciones en el caso de autos y

devolver el recurso a ese foro para que continúen allí los procedimientos y se adjudique en sus méritos la solicitud de revisión de la parte recurrente.

Lamentablemente por estar igualmente dividido este Foro, no puede ordenarse lo que en razón y justicia procede. Aquí también prevalecen entre algunos jueces la rigidez formalista que tanto a desacreditado antes los procesos de la justicia. Por todo ello, disiento.


JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO